Successors of José Martínez *v.* Tomás Dávila & Co.

Appeal from the District Court of San Juan, Section 1.

Motion to dismiss appeal.

No. 745.—Decided October 18, 1911.

Appeal—Delivery of Copy of Transcript to Respondent—Dismissal of Appeal.—The appellees in this case filed a motion for the dismissal of the appeal on the ground that the appellant had failed to serve them with a copy of the record. *Held:* That it is the duty of the appellant to serve the appellee with a literal copy of the transcript of the record and to cause a record of such service to be duly entered before filing the transcript of the record in the Supreme Court; but if notwithstanding this fact it is shown that the appellant had delivered the copy after said time, but before the hearing of appellee's motion for the dismissal of the appeal, a dismissal founded on such ground cannot be granted.

Id.—Bill of Exceptions and Statement of Case—Dissmissal of Appeal.— The appellees also moved for the dismissal of the appeal on the ground that the appellant failed to send up to the Supreme Court the bill of exceptions and statement of the case. *Held:* That the first paragraph of section 299 of the Code of Civil Procedure, as amended by Act No. 70, approved March 9, 1911, should be construed in connection with the other paragraphs of said section, because it would be absurd to establish the rule that a bill of exceptions and a statement of the case must always be sent up, when experience proves that there are cases, like the present, where no such documents exist and are unnecessary for a due consideration and determination of the appeal.

The facts are stated in the decision of the court.

*Messrs. Bosch* and *Soto* for petitioners.

*Messrs. Cayetano Coll y Cuchí* and *José Coll y Cuchí* for the adverse party.

The court: The plaintiffs and appellees filed a motion for the dismissal of the appeal taken by defendants, first, because they had not been served with a copy of the transcript of the record as provided in section 299 of the Code of Civil Procedure, as amended by Act of March 9, 1911; and, second, because the appellants failed to send to this court the bill of exceptions and the statement of the case required by said section.

The record shows that after the motion was filed and before the same was heard, the appellants sent a copy of

the transcript of the record to the appellees. For this reason the motion to dismiss the appeal cannot be sustained upon the first ground alleged. (See the decisions of this court in the cases of *Garcia* v. *The American Railroad Company of Porto Rico* [17 P. R. R. 914] and *Hernández* v. *The American Railroad Company of Porto Rico* [17 P. R. R., . . . .] decided on October 10 of the present year.)

Neither can the appeal be dismissed on the second ground stated, because although it is true that no bill of exceptions nor statement of the case has been filed, it is also true that the appeal was taken from a judgment rendered on the pleadings and that the judgment roll, a certified copy of which together with the notice of appeal constitutes the transcript of the record, is composed of the complaint, the answer, the motion for judgment on the pleadings and the judgment rendered, according to a certificate signed by the secretary of the district court.

Interpreting the first paragraph of section 299 of the Code of Civil Procedure, amended in 1911, in the sense that all appeals must be accompanied by a bill of exceptions and a statement of the case, when experience proves that there are cases in which no such documents exist, nor are necessary, would be absurd. The first paragraph cited should be construed in connection with the others of the same section and especially with the last, in which it is provided that "The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll, and of the notification of the appeal."

The motion is denied.

*Motion denied.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.
Mr. Chief Justice Hernández did not take part in the decision of this case.